# EXHIBIT "B"



|  |  |  |  |
|---|---|---|---|
| **19SC-1224-B** | **PAUL STAFFA VS BISSELL, INC.** | **FORSYTH STATE** | **TORT** |

## Case Docket

| **Case Initiation Date** | **Assigned Judge** | **Status** |
|---|---|---|
| 09/16/2019 | Judge T. Russell McClelland | OPEN |

Why subscribe to PeachCourt+? Well, for one thing... you could get an automagic email alert when anyone files anything into this case. You don't have to come back here day after day after day just to check the docket. We'll take care of that for you. All you have to do is subscribe!

### Party Information

**Plaintiff:**                                         Defendant:

**Staffa, Paul**                                     Bissell, Inc.

### Attorney/Filer Information

**Bonham, Matthew P**

| Docket # | Document Type | Description | Filer | Filing Date | Source | Pages |
|---|---|---|---|---|---|---|
| 1 | Complaint |  |  | 09/16/2019 | Manual |  |
| 2 | Summons |  |  | 09/16/2019 | Manual |  |
| 3 | Certificate Of Service | 5.2 |  | 09/16/2019 | Manual |  |
| 4 | Affidavit | Affidavit Of Service |  | 10/21/2019 | Manual |  |
| 5 | Miscellaneous | Bissell / Sept 30 |  | 10/21/2019 | Manual |  |

The clerk's office maintains the official record for this case. The information we provide is our best attempt at reflecting the official record. Despite our best efforts, you may find discrepancies between the information on this page and the clerk's official record. The clerk's official record is always official and is always THE record.

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
9/16/2019 2:08 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
19SC-1224-E
McClelland, T. Russell, II

### IN THE STATE COURT OF FORSYTH COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL STAFFA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| v. | ) | |
| | ) | |
| BISSELL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR DAMAGES

COMES NOW, Paul Staffa, Plaintiff herein, and files this Complaint for Damages, respectfully showing the Court as follows:

1.

Defendant Bissell, Inc. ("Bissell"), is a corporation duly formed and existing under the laws of the State of Michigan, with its principal office located in Grand Rapids, Michigan. Defendant Bissell is engaged in the business of manufacturing, selling, and distributing, among other things, vacuum cleaners and floor care products, and was, at all times relevant to this action, doing business in the State of Georgia. Defendant Bissell may be served with process under Georgia's Long-Arm Statute by serving its registered agent, to wit: William J. Brennan, at 2345 Walker Ave. NE, Grand Rapids, Michigan 49544. Defendant Bissell is subject to the venue and jurisdiction of this Court pursuant to Georgia's Long-Arm Statute.

2.

At all times relevant hereto, Plaintiff Paul Staffa owned a home located at 1530 Faircrest Lane, Alpharetta, Georgia 30004 ("Plaintiff's home).

3.

Sometime prior to October 2017, Mr. Staffa purchased a Bissell Symphony All-in-One Vacuum and Steam Mop, 1132 Series ("the subject vacuum"), for use in his home. The subject vacuum was designed, manufactured, and distributed by Defendant Bissell.

4.

On or about October 14, 2017, after using the subject vacuum to clean the hardwood floors in his home, Mr. Staffa attempted to switch the setting on the vacuum to the steam mode, but the appliance would not convert to the steam mop function. Mr. Staffa made several more attempts to engage the steam mop function without success before giving up and leaving the the subject vacuum sitting along the wall in his dining room for the remainder of the evening.

5.

Later that night while sleeping, Mr. Staffa woke to the sound of his smoke detectors going off and light smoke in the upstairs area. He ran downstairs to look for the source of the smoke and encountered heavy smoke and flames coming from the subject vacuum sitting along the dining room wall.  Mr. Staffa witnessed flames 3-4 feet high that were contained to the subject vacuum.

6.

Immediately upon discovering the fire, Mr. Staffa grabbed some cushions from the living room sofa and started to beat out the fire. He then doused the remains of the vacuum with a gallon of water.

7.

While attempting to extinguish the fire, Mr. Staffa fell onto the hardwood floor, fractured his left shoulder, and suffered smoke inhalation and minor 2nd degree burns to his arms and legs.

8.

Once the fire was extinguished, Mr. Staffa stepped outside on the patio and attempted to recover. Shortly thereafter, he developed a 103-degree fever and went to the local emergency room where he received treatment for his broken shoulder, smoke inhalation, and minor skin burns.

9.

An investigation conducted after the incident revealed that the fire started as a result of a high resistance connection at the water heater terminal due to a design and/or manufacturing defect in the subject vacuum.

10.

As a direct and proximate result of the above-referenced product failure, Mr. Staffa suffered personal injuries, incurred medical expenses in the amount of $7,506.14, and sustained $102,274.57 in damage to his real and personal property.

## COUNT I- NEGLIGENCE

11.

Paragraphs 1 through 10 are incorporated by reference as if set forth verbatim herein.

12.

The fire in Plaintiff's home was caused by a defect in the subject vacuum that Defendant Bissell knew or should have known existed prior to the loss at issue. Therefore, Defendant Bissell was negligent in selling, supplying, and/or otherwise furnishing design specifications for said vacuum and in failing to warn Plaintiff of the product's propensity to cause a fire.

13.

The negligent acts and/or omissions committed by Defendant are the proximate cause of the damages sustained by Plaintiff, thereby entitling Plaintiff to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law,

including, but not limited to, all compensatory, general, special, incidental, and consequential damages. Accordingly, Plaintiff states his intention to seek all compensatory, special, economic, consequential, general and all other damages permissible under Georgia law, including, but not limited to:

a) Personal injuries;

b) Pain and suffering;

c) Mental anguish;

d) Loss of enjoyment of life;

e) Incidental expenses;

f) Medical expenses;

g) Property Damage; and

h) Other consequential damages as may be proven at trial.

## COUNT II - BREACH OF WARRANTY

14.

Paragraphs 1 through 13 are incorporated by reference as if set forth verbatim herein.

15.

In selling, supplying, and/or otherwise furnishing design specifications for the above-referenced product, Defendant Bissell impliedly and/or expressly warranted that a vacuum designed and/or manufactured according to its specifications was safe and fit for the ordinary purpose for which it was intended, when in fact it was not fit for ordinary and normal use and, as such, did not conform to said promises and warranties.

16.

As a direct and proximate result of such breaches of warranty, Plaintiff sustained losses as described above.

17.

As a result of Defendant's breaches of warranty, Plaintiff is entitled to recovery of his losses from Defendant.

## COUNT III - STRICT LIABILITY

18.

Paragraphs 1 through 17 are incorporated by reference as if set forth verbatim herein.

19.

The Bissell Symphony All-in-One Vacuum and Steam Mop, 1132 Series, which was designed and manufactured by and/or in accordance with Defendant's specifications, was not merchantable or reasonably suited to the use intended, and its condition when sold is the proximate cause of the damages sustained by Plaintiff. As a result, Defendant is strictly liable in tort pursuant to O.C.G.A. § 51-1-11(b)(1).

WHEREFORE, Plaintiff prays for the following relief:

(a)     A recovery of special damages, including medical expenses and property damage incurred by him, in an amount to be proven at trial;

(b)     A recovery of general damages, including pain and suffering, in an amount based upon the enlightened conscience of a fair and impartial jury;

(c)     A recovery of interest as provided by law;

(d)     **For a trial by Jury;** and

(e)     For such other and further relief as this Court may deem just and proper.

This 16th day of September, 2019.

MILLER BONHAM, LLP

Eric D. Miller, Esq.
Georgia State Bar No. 506574
Matthew P. Bonham, Esq.
Georgia State Bar No. 333759

7000 Central Parkway, NE, Ste. 1650
Atlanta, GA 30328
(T) (404) 923-7599
(F) (404) 855-4091
emiller@millerbonham.com
mbonham@millerbonham.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
9/16/2019 2:08 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
19SC-1224-B
McClelland, T. Russell, III

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL STAFFA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| v. | ) | |
| | ) | |
| BISSELL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew P. Bonham, Esq.**
**Miller Bonham, LLP**
**7000 Central Parkway NE, Suite 1650**
**Atlanta, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____16_____ day of September, 2019.

Clerk of State Court

/s/ Maria Lamela

By: _____

Deputy Clerk

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
9/16/2019 2:08 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
19SC-1224-B
McClelland, T. Russell, III

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

PAUL STAFFA,                          )
                                      )
     Plaintiff,                    )         CIVIL ACTION FILE
                                      )         NO.:
v.                                    )
                                      )
BISSELL, INC.,                        )
                                      )
     Defendant.                    )

### RULE 5.2 CERTIFICATE

COMES NOW, Paul Staffa, Plaintiff herein, and pursuant to Uniform State Court Rule 5.2, certifies that he has served, with his Complaint for Damages, Plaintiff's First Continuing Interrogatories, Plaintiff's First Requests for Production of Documents, and Plaintiff's Requests for Admissions to Defendant Bissell, Inc.

This 16th day of September, 2019.

MILLER BONHAM, LLP

Matthew P. Bonham
Georgia State Bar No. 333759

*Attorney for Plaintiff*

7000 Central Parkway, NE, Ste. 1650
Atlanta, GA 30328
(T) (404) 923-7599
(F) (404)855-4091
mbonham@millerbonham.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/21/2019 4:12 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS

**AFFIDAVIT OF SERVICE**

| Case: 19SC 1224 B | Court: Forsyth County State Court | County: Forsyth , GA | Job: 3806013 (SUMMONS - OUT OF STATE) McClelland, T. Russell, III |
|---|---|---|---|
| Plaintiff / Petitioner: Paul Staffa | | Defendant / Respondent: Bissell Inc | |
| Received by: JACO Civil Process | | For: Miller Bonham LLP | |
| To be served upon: Bissell Inc c/o Heather Rubley-Dorin Corporate legal affairs associate manager | | | |

I, Dan Hormuth, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Bissell Inc c/o RA: William J Brennan , Corporate: 2345 Walker Ave NW Suite 8 , Grand Rapids, MI 49544

**Manner of Service:**   Corporation, Sep 30, 2019, 4:12 pm EDT

**Documents:**   Summons, Complaint for Damages, Rule 5.2 Certificate, Plaintiff's First Continuing Interrogatories to Defendant Bissell Inc, Plaintiff's First Continuing Request for Production of Documents to Defendant Bissell Inc (Received Sep 25, 2019 at 11:08am EDT)

**Additional Comments:**

1) Successful Attempt: Sep 30, 2019, 4:12 pm EDT at Corporate: 2345 Walker Ave NW Suite 8 , Grand Rapids, MI 49544 received by Bissell Inc c/o Heather Rubley-Dorin Corporate legal affairs associate manager.

Age: 50; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'2"; Hair: Brown; Eyes: Brown;

_____   10/01/2019
Dan Hormuth                                  Date
Michigan Process Server
Special Deputy Sheriff - KCSD
Civil Division

JACO Civil Process
1444 Michigan St NE Suite 8
Grand Rapids, MI 49503
616-272-3890

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public _____

NOV 2 5 2022                    OCT 0 1 2019
Date                              Commission Expires

JOSE B. ONTIVEROS
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF KENT
My Commission Expires November 25, 2022
Acting in the County of ____KENT____

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL STAFFA, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | 19SC-1224-B |
| vs. | ) | |
| | ) | |
| BISSELL, INC., | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, BISSELL, INC., the named defendant in the above-styled civil action, and hereby files and serves its Answer and Defenses to Plaintiff's Complaint for Damages, showing this Court as follows:

## FIRST DEFENSE

Plaintiff has failed to state a claim against defendant upon which relief may be granted.

## SECOND DEFENSE

As a second defense, defendant responds to the individually numbered paragraphs of plaintiff's Complaint as follows:

1.

Defendant can neither admit nor deny the allegations contained in paragraph 1 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

- 1 -

2.

Defendant can neither admit nor deny the allegations contained in paragraph 2 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

3.

Defendant can neither admit nor deny the allegations contained in paragraph 3 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

4.

Defendant can neither admit nor deny the allegations contained in paragraph 4 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

5.

Defendant can neither admit nor deny the allegations contained in paragraph 5 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

6.

Defendant can neither admit nor deny the allegations contained in paragraph 6 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/101/00245/DRAFTS/02300932.DOCX }

7.

Defendant can neither admit nor deny the allegations contained in paragraph 7 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

8.

Defendant can neither admit nor deny the allegations contained in paragraph 8 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

9.

Defendant denies the allegations contained in paragraph 9 of plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of plaintiff's Complaint.

## COUNT I – NEGLIGENCE

11.

Defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 10 of plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13, including all subparts, of plaintiff's Complaint.

- 3 -

## COUNT II – BREACH OF WARRANTY

14.

Defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 13 of plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of plaintiff's Complaint.

## COUNT III – STRICT LIABILITY

18.

Defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 17 of plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of plaintiff's Complaint

20.

Defendant denies all allegations, to the extent that they exist, in the unnumbered "WHEREFORE" section, including all subparts, of Plaintiff's Complaint. Further, Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" section, including all subparts, of Plaintiff's Complaint.

- 4 -

21.

All other allegations contained in Plaintiff's Complaint not hereinbefore specifically responded to are hereby denied.

### THIRD DEFENSE

To the extent as may be shown by the evidence through discovery, any alleged damages as set forth in plaintiff's Complaint were directly and proximately caused by individuals or entities other than defendant.

### FOURTH DEFENSE

No act or omission on the part of defendant caused or contributed to the alleged damages set forth in plaintiff's Complaint.

### FIFTH DEFENSE

Any alleged damages as set forth in plaintiff's Complaint were not foreseeable to defendant.

### SIXTH DEFENSE

Any alleged damages as set forth in plaintiff's Complaint were due to a situation created by individuals or entities other than defendant and over which defendant had no control.

### SEVENTH DEFENSE

Any and all products designed, developed, fabricated, manufactured, produced, assembled, imported, marketed, packaged, distributed, sold, or placed in the stream of commerce by defendant were at all relevant times in conformity with the state of the art at the time sale and the best standards, practices, and specifications for such products as recognized by the industry. Further, this defendant at all times complied with applicable federal, state and/or local law, regulations, guidelines and recommendations.

## EIGHTH DEFENSE

Defendant asserts all of the defenses afforded under the Georgia products liability statutes, including but not limited to O.C.G.A. §§ 51-1-11 and 51-1-11.1 *et seq.*

## NINTH DEFENSE

Defendant cannot be responsible for any claims alleged herein as their product was not defective.  Further, defendant cannot be held responsible for any product which was altered, misused, improperly installed, improperly serviced, improperly maintained, improperly handled, improperly stored, and/or improperly repaired.

## TENTH DEFENSE

To the extent as may be shown by the evidence through discovery, this defendant avers that the alleged damages as set forth in plaintiff's Complaint were directly and proximately caused by the acts or omissions of others which constituted contributory and comparative negligence, assumption of risk, and failure to exercise ordinary care.

## ELEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant avers that other individuals and/or entities, through the exercise of ordinary care and proper use of the product(s) at issue in this case, could have avoided the consequences of any alleged act or failure to act of defendants.  Defendant, however, denies that any act or failure to act on its part caused or contributed to, in any way whatsoever, the damages complained of in plaintiff's Complaint.

## TWELFTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant avers it is not liable because the negligence of other individuals and/or entities equaled or exceeded that of

defendant, if any. Defendant, however, denies that it produced, brought about, caused, or contributed to, in any way whatsoever, the damages complained of in plaintiff's Complaint.

## THIRTEENTH DEFENSE

Defendant did not breach any duty of care and was not on notice of anything that would cause injury to anyone.

## FOURTEENTH DEFENSE

Plaintiff's alleged damages are too remote to be the basis of recovery against defendant pursuant to O.C.G.A. § 51-12-8.

## FIFTEENTH DEFENSE

Defendant asserts that, to the extent that plaintiff can establish some degree of wrongdoing by defendant, which defendant denies, defendant has a right to have the jury apportion damages according to each party's degree of fault.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to mitigate his claimed damages, the existence of which is expressly denied.

## NINETEENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses is barred, in whole or in part, because a genuine dispute and bona fide controversy exists in this matter and defendant has not acted in bad

faith, has not been stubbornly litigious, nor have it caused plaintiff and/or any other party unnecessary trouble and expense.

## TWENTIETH DEFENSE

To the extent applicable, defendant asserts each affirmative defense set forth in O.C.G.A. § 9-11-8.

## TWENTY-FIRST DEFENSE

Defendant states that it may have further and additional affirmative defenses which are not yet known to defendant, but which may become known through future discovery. Defendant specifically reserves the right to assert each and every affirmative defense as it may be ascertained through future discovery herein.

WHEREFORE, having answered fully, BISSELL, INC respectfully requests that this Court dismiss plaintiff's Complaint and cast all costs against plaintiff.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 24th day of October, 2019.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

*/s/ Sean Keenan*
**William T. Mitchell**
Georgia Bar No. 513810
Email: bmitchell@cmlawfirm.com
Direct Dial: 404-881-2633
**Sean Keenan**
Georgia Bar No. 523871
Email: skeenan@cmlawfirm.com
Direct Dial: 678-684-2154
**Eric M. Schultz**
Georgia Bar No. 452742
Email: eschultz@cmlawfirm.com
Direct Dial: 678-684-2131
*Attorneys for defendant BISSELL, Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
Facsimile: 404-881-2630

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court via the PeachCourt file and serve system, which will automatically serve a copy of same upon all counsel of record, addressed as follows:

Eric M. Miller, Esq.
Matthew P. Bonham, Esq.
MILLER BONHAM, LLP
7000 Central Parkway, NE, Ste. 1650
Atlanta, GA 30328
emiller@millerbonham.com
mbonham@millerbonham.com

*(Attorneys for plaintiff)*

This 24th day of October, 2019.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Eric Schultz*
Eric M. Schultz

- 9 -

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PAUL STAFFA,                          )
                                      )    CIVIL ACTION FILE NO.:
            Plaintiff,                )
                                      )    19SC-1224-B
vs.                                   )
                                      )
BISSELL, INC.,                        )
                                      )
            Defendant.                )

### NOTICE OF FILING OF REMOVAL TO
### THE UNITED STATES DISTRICT COURT

TO:   CLERK, STATE COURT OF FORSYTH COUNTY

COMES NOW, BISSELL, INC., the named defendant in the above-styled civil action, and

pursuant to 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in

this action in the United States District Court for the Northern District of Georgia, Gainesville

Division, a copy of which is attached hereto.

Respectfully submitted this 24th day of October, 2019.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Sean Keenan*
**William T. Mitchell**
Georgia Bar No. 513810
Email: bmitchell@cmlawfirm.com
Direct Dial: 404-881-2633
**Sean Keenan**
Georgia Bar No. 523871
Email: skeenan@cmlawfirm.com
Direct Dial: 678-684-2154
**Eric M. Schultz**
Georgia Bar No. 452742
Email: snasworthy@cmlawfirm.com
Direct Dial: 678-684-2136
*Attorneys for defendant BISSELL, Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
Facsimile:  404-881-2630

- 1 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed **NOTICE OF FILING OF REMOVAL TO THE UNITED STATES DISTRICT COURT** with the Clerk of Court using the Peachcourt file and serve system, which will serve an electronic copy of same upon all counsel of record, as follows:

Eric D. Miller
Matthew P. Bonham
Miller Bonham, LLP
700 Central Parkway, NE, Ste. 1650
Atlanta, GA 30328
emiller@millerbonham.com
mbonham@millerbonham.com

This 24th day of October, 2019.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Eric Schultz*
Eric M. Schultz